IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| PARKER MEDICAL HOLDING | ) | CASE NO. 22-50369-JWC |
| COMPANY, INC., et al., | ) | |
| | ) | JOINTLY ADMINISTERED |
| Debtors. | ) | |
| | ) | |

**APPLICATION OF CHAPTER 11 TRUSTEE TO RETAIN VANTAGE POINT ADVISORY, INC. AS FINANCIAL ADVISOR TO THE TRUSTEE**

COMES NOW Mark A. Smith, duly-appointed Chapter 11 Trustee for the above-captioned debtors[1] (the "**Debtors**") in the above-styled jointly administered case (the "**Trustee**"), and pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014, applies for entry of an Order pursuant to Sections 327(a) and 328(a) of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the employment and retention of Vantage Point Advisory, Inc. ("**Vantage Point**") as financial advisor to the Trustee *nunc pro tunc* to April 26, 2022. In support thereof, the Trustee shows as follows:

1.

On January 14, 2022 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**").

---

[1] The Debtors in these jointly administered cases are Parker Medical Holding Company, Inc. (Case No. 22-50369), Midwest Medical Associates, Inc. (Case No. 22-50372) and Peachtree Medical Products, LLC (Case No. 22-50374).

2.

On April 15, 2022, the Court entered an Order [Dkt. No. 69] granting, in part, the United States Trustee's Motion to Convert Case or, in the Alternative, for an Order Directing the Appointment of a Chapter 11 Trustee [Dkt. No. 37], and directed the appointment of a Chapter 11 Trustee in the Case.

3.

On April 22, 2022, the United States Trustee for Region 21 appointed the Trustee to act as Chapter 11 Trustee for the Debtors' estates [Dkt. No. 72]. On April 26, 2022, the Trustee filed his Acceptance of Appointment as Chapter 11 Trustee [Dkt. No. 73]. The Court then approved the appointment of the Trustee [Dkt. No. 75].

4.

The Trustee is a principal of Vantage Point. Vantage Point is a highly qualified and respected financial advisory firm.

5.

During the pendency of this Chapter 11 cases, the Trustee contemplates that Vantage Point will provide the following services:

   a.   Assist the Trustee in fulfilling his statutory reporting requirements during the Chapter 11 proceedings, including Monthly Operating Reports (MORs).

   b.   Assist the Trustee with the preparation of reports for, and communications with, the Bankruptcy Court, the secured lender, other creditors, and any other constituents.

   c.   Assess the near-term and intermediate cash flow and financing requirements of the Debtors in order to create a cash-based budget to support any motions for the ongoing use of cash collateral;

   d.   Provide support and assistance with regards to the proper receipt, disbursement and accounting for funds and other property of the Debtors' estates;

   e.   Assist the Trustee with a thorough review of the Debtor's financial affairs

  including, but not limited to potential preference payments, as well as historical transactions between the Parker Medical family of related entities; and

 f. Any other duty or task which falls within the normal responsibilities of a Financial Advisor.

6.

Subject to the Court's approval, and in accordance with Section 328(a) of the Bankruptcy Code, Vantage Point will be paid post-petition under the terms of the Engagement Letter, a copy of which is attached hereto as <u>Exhibit A</u>, including the reimbursement of its reasonable out-of-pocket expenses incurred in connection with this engagement.

7.

The overall compensation structure set forth in the Engagement Letter is comparable to compensation generally charged by corporate financial consulting firms of similar stature to Vantage Point for comparable engagements, both in and out of court.

8.

To the best of the Trustee's knowledge, information, and belief, Vantage Point is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Attached hereto as <u>Exhibit B</u> is a declaration of a principal of Vantage Point attesting that Vantage Point has no connection with the Debtors, their creditors, any party in interest in this Case, or their respective attorneys and accountants, other than as set forth in the declaration.

 WHEREFORE, based on the facts and disclosures above, the Trustee respectfully requests that the Court:

 (a) grant the Trustee authority to employ and retain Vantage Point as Debtors' financial advisor *nunc pro tunc* to April 26, 2022;

 (b) approve the terms of employment set forth in the Engagement Letter, pursuant to the provisions of Bankruptcy Code Section 327(a) and Bankruptcy Rule 2014;

- - 3 - -

(c) subject to approval of this Court, approve the compensation of Vantage Point at the expense of the Debtors' estates on the terms set forth in the Engagement Letter, pursuant to the provisions of Bankruptcy Code Section 328(a) and Bankruptcy Rule 2016; and

(d) grant such other and further relief as is just and proper.

This 29th day of April, 2022.

/s/ Mark A. Smith
MARK A. SMITH, in his capacity as
Chapter 11 Trustee

## EXHIBIT A

**Engagement Letter**

**Vantage Point Advisory, Inc.**
*A New Perspective*

April 28, 2022

# ENGAGEMENT LETTER

**Private & Confidential**

Mark A. Smith, CFA
Chapter 11 Trustee
- **Parker Medical Holding Company, Inc.**
- **Peachtree Medical Products, LLC**
- **Midwest Medical Associates, Inc.**

2737 Davis Oaks Place
Decatur, GA 30033

Via electronic mail

Re: Engagement of Vantage Point Advisory, Inc. to Provide Professional Services to Mark A. Smith as Chapter 11 Trustee for Parker Medical Holding Company, Inc., Case No. 22-50369 (jointly administered with Cases 22-50372-jwc and 22-50374- jwc)

Dear Mr. Smith,

## 1.     Introduction

Vantage Point Advisory, Inc. ("Vantage Point") would like to thank you for the opportunity to submit this engagement letter which outlines our proposed services to you as the Chapter 11 Trustee for Parker Medical Holding Company, Inc. ("you," "your," "Parker Medical," the "Company" or the "Trustee"). This letter confirms the engagement of Vantage Point.by Parker Medical and also outlines our understanding regarding the services to be provided and the manner in which we will be compensated for those services.

## 2.     Scope of Services

To the extent requested by the Company and as required under any court order, Vantage Point Advisory, Inc. will serve as the Accountant to the Trustee and provide the following services:

- Assess the near-term and intermediate cash flow and financing requirements of the Company in order to create a cash-based budget to support any motions for the ongoing use of cash collateral;
- Provide support and assistance with regards to the proper receipt, disbursement and accounting for funds and other property of the Estate;
- Assist with the development of tools, processes and procedures necessary to properly document, communicate and manage these requirements going forward;
- Assist the Trustee with a thorough review of the Debtor's financial affairs including, but not limited to potential preference payments, as well as historical transactions between the Parker Medical family of related entities.
- Assess operational functions including, as necessary, various processes and procedures related to managing



- and servicing a portfolio of Durable Medical Equipment ("DME") receivables;
- Offer recommendations regarding both accounting and operational improvements, and develop an actionable liquidation plan;
- Assist management with ongoing communications and negotiations between the Company and various creditors, including First-Citizens Bank & Trust Company regarding the aforementioned; and
- Advise and assist the Trustee with the preparation and filing of any and all monthly operating reports and tax returns.

These requirements will most likely be derived from the development of a cash-based financial forecast encompassing all relevant management, operating and industry assumptions, which shall serve as part of the Company's liquidation plan. In addition, we will assist the Company, as needed, with the development of capital sourcing and the evaluation of alternative strategic options including, but not limited to, a refinance, outside capital raise or even a sale of the Company's assets.

As a part of this engagement, Vantage Point may be requested to assist the Company (and its legal or other advisors) in discussions with the Company's creditors and equity holders and with other interested parties. In the event we participate in such discussions, the representations made and the positions advanced should be construed as opinion only based upon the information available to us at the time. Given the complexities of these situations, we are unable to make any guarantees regarding the outcome in this or any other matter.

We understand that the Scope of Services will continue to evolve as progress is made on the above matters and we will work with management to efficiently utilize our time in accordance with defined objectives.

### 3. Compensation

Our agreed upon compensation for the services to be rendered pursuant to this letter agreement shall be billed at the firm's standard hourly rates, which range as follows:

| | |
|---|---|
| Partners | $375.00 |
| Associates | $225.00 - $275.00 |

We will provide statements to the Company and all other interested parties on a periodic basis or as otherwise required by law. All statements will include detailed descriptions of the services provided and is recorded in tenths of hours. Our fees are not contingent upon the results of this engagement.

It is understood that if employees or affiliates of Vantage Point Advisory, Inc are required to testify at any administrative or judicial proceeding relating to this matter (whether during the term of this letter agreement or after termination), Vantage Point will be compensated by the Company at the standard hourly rates for each such employee, in effect at the time, and reimbursed for reasonable out-of-pocket expenses (including reasonable counsel fees).

### 4. Expenses

All reasonable expenses associated with the above Scope of Services shall be for the account of the Company. These expenses include, but are not limited to, airfare, hotel accommodations, out-of-town meals, automobile



April 28, 2022

rental and mileage, telephone, supplies, and any other item or service related to the above Scope of Services. Mileage associated with travel by car will be charged to the Company at a rate of $0.585 per mile. Travel time is billed at 50.0% of the firm's standard hourly rates. A summary of expenses incurred will be submitted periodically and shall be due and payable as outlined in Section 3 of this agreement or as otherwise required by law.

**5.     Termination**

The Company may terminate this engagement with Vantage Point Advisory, Inc. in writing, without notice. Should the Company choose to exercise this option, its only remaining obligation to Vantage Point Advisory, Inc. shall be the payment of any outstanding balances due not covered by the retainer balance at the time of termination.

**6.     Confidentiality**

We acknowledge that during this project we may acquire information about the Company, including, but not limited to its technical and business information and models, reports, plans, financial information, organizational information and structure, data and trade secrets (the "Confidential Information"), all of which is highly confidential and proprietary to the Company. Confidential Information shall not include information generally available to or known by the public. We, including our Representatives, will hold all such Confidential Information in strict confidence and shall not reveal the same to any person or entity except as required in connection with the performance of our services hereunder or except upon request of the Company or pursuant to a court order.

**7.     Limitation of Liability**

The Company agrees to indemnify, hold harmless and defend Vantage Point Advisory, Inc. against any and all losses, claims, damages, liabilities, penalties, judgments, awards, amounts paid in settlement, reasonable out-of-pocket costs, fees, expenses and disbursements including, without limitation, the reasonable out-of-pocket costs, fees, expenses and disbursements, as and when incurred, of investigating, preparing or defending any action, suit, proceeding or investigation (whether or not in connection with proceedings or litigation in which Vantage Point Advisory, Inc. is a party), directly or indirectly caused by, relating to, based upon, arising out of or in connection with the engagement of Vantage Point Advisory, Inc. by the Company or any services rendered pursuant to such engagement; provided, however, that Vantage Point Advisory, Inc. shall not be indemnified for any matter arising out of its gross negligence or reckless or willful misconduct. Furthermore, the Company will include Vantage Point in its Directors and Officers Liability Insurance should Vantage Point become a part of the interim management team or hold a board seat of the Company.

**8.     Waiver of Jury Trial / Dispute Resolution**

The Company agrees that neither it nor any of its assignees or successors shall (a) seek a jury trial in any lawsuit, proceeding, counterclaim or any other action based upon or arising out of or in connection with the engagement of Vantage Point Advisory, Inc. by the Company or any services rendered pursuant to such engagement or (b) seek to consolidate any such action with any other action in which a jury trial cannot be or has not been waived. The provisions of this paragraph have been fully discussed by the Company and Vantage Point Advisory, Inc. and shall be subject to no exceptions.



April 28, 2022

**9.**     **Continuation of Terms**

The terms of the Engagement Contract that by their context are intended to be performed after termination or expiration of this Engagement Contract, including but not limited to, section six and section eight, are intended to survive such termination or expiration and shall continue to bind all parties.

**11.**     **Citation of Engagement**

Notwithstanding anything to the contrary contained herein, after the engagement of Vantage Point Advisory, Inc. becomes a matter of public record, we shall have the right to disclose our retention by the Company or the successful completion of its services hereunder in marketing or promotional materials placed by Vantage Point Advisory, Inc., at its own expense, in financial and other newspapers or otherwise. Please note that any disclosure will be done so in general terms only and will not disclose the official name of the Company without prior written consent of the Company.

**12.**     **Entire Agreement**

This letter shall be the entire agreement between the Company and Vantage Point Advisory, Inc. No other agreements, expressed or implied, written or oral, shall govern this matter. Vantage Point does however retain the right to modify this agreement as may be required to comply with the provisions of any order from the United States Bankruptcy Court.



April 28, 2022

Thank you again for allowing us to assist you in this matter. If this letter conforms to your understanding of our agreement, please confirm the Company's acceptance by signing a copy in the space provided below.

Sincerely yours,

**Vantage Point Advisory, Inc.**

By: _____    Date: __4/28/22__

Mark A. Smith, CFA
Partner
404.643.8410
mark.smith@vantagepointadvisory.com


Accepted, Agreed and Signed by:
**Parker Medical Holding Company, Inc.**

By: _____    Date: __4/28/22__

Mr. Mark A. Smith
Chapter 11 Trustee

## **EXHIBIT B**

**Declaration in Support**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| PARKER MEDICAL HOLDING COMPANY, INC., et al., | ) ) | CASE NO. 22-50369-JWC |
| | ) | JOINTLY ADMINISTERED |
| Debtors. | ) ) | |

**DECLARATION OF MARK A. SMITH IN SUPPORT OF
CHAPTER 11 TRUSTEE'S APPLICATION FOR AUTHORITY TO
RETAIN VANTAGE POINT ADVISORY, INC. AS FINANCIAL ADVISOR**

I, Mark A. Smith, a partner of Vantage Point Advisory, Inc., declare under penalty of perjury as follows:

1.

I am a partner of Vantage Point Advisory, Inc (the "**Firm**"), and in that capacity I have personal knowledge of, and authority to speak on behalf of, the Firm with respect to the matters set out herein. This Declaration is offered in support of the Application of the Chapter 11 Trustee in the above-styled case to employ the Firm as the Chapter 11 Trustee's financial advisor (the "**Application**"), and the matters set out herein are true and correct to the best of my knowledge, information and belief.

2.

To the best of my knowledge, neither the Firm nor I have or represent any interest adverse to the Debtors or their estates, or have any material connections with the Debtors, their creditors, any other party in interest or their respective attorneys or accountants. The Firm is disinterested, as that term is defined in 11 U.S.C. § 101(14).

3.

The Firm has no principals or other professional employees who are related to any Judge of the United States Bankruptcy Court for the Northern District of Georgia.

4.

The Firm has not been provided a retainer in this case. Neither the Firm nor I have agreed to share any compensation or reimbursement received in connection with this engagement with any other person.

5.

To the best of my knowledge, the employment of the Firm as financial advisor for the Debtors would be appropriate under 11 U.S.C.§ 327and Fed. R. Bankr. P. 2014.

This 29th day of April, 2022.

/s/ Mark A. Smith
MARK A. SMITH

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§152 and 3571.

# CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Application of Chapter 11 Trustee to Retain Vantage Point Advisory, Inc. as Financial Advisor to the Trustee*, using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to all parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Drew Van Devere Greene
G. Marshall Kent
Lindsay P. S. Kolba
Anthony Binford Minter
Jimmy L. Paul

I further certify that I have served the foregoing document by first class mail to the following parties:

| | |
|---|---|
| Boxer Property Management Corp<br>720 N. Post Oak Road<br>Suite 500<br>Houston, TX 77024 | Craig G. Kunkes<br>Robbins Alloy Bellifante<br>500 14th Street, NW<br>Atlanta, GA 30318 |
| G. Justin Bankston<br>McNair, McLemore, Middlebrooks<br>389 Mulberry St<br>Macon, GA 31201 | Georgia Department of Revenue<br>Compliance Div.-Central Coll.<br>1800 Century Blvd NE, Ste 9100<br>Atlanta, GA 30345 |
| Internal Revenue Service<br>PO Box 7346<br>2970 Market Street<br>Philadelphia, PA 19101-7317 | JBA Portfolio, LLC<br>720 N. Post Oak Road<br>Suite 500<br>Houston, TX 77024 |
| McKesson Medical-Surgical, Inc<br>9954 Mayland Drive, Ste 4000<br>Richmond, VA 23233 | Medline Industries, Inc.<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703 |
| Michael Baim, The CKB Firm<br>30 North LaSalle St .<br>Suite 1520<br>Chicago, IL 60602 | Richard L. Parker, Sr<br>656 Ellis Oak Avenue<br>Suite 101-103<br>Charleston, SC 29412 |

| | |
|---|---|
| AccQData Network LLC<br>321 North Lake Blvd<br>North Palm Beach, FL 33408 | Brightree LLC<br>125 Technology Parkway<br>Norcross, GA 30092 |
| Massachusetts Dept. of Revenue<br>PO Box 7090<br>Boston, MA 02204 | Medline Industries Inc.<br>Three Lakes Drive<br>Northfield, IL 60093 |
| The van Halem Group<br>101 Marietta Street NW<br>Suite 2460<br>Atlanta, GA 30303 | Aetna Health Inc.<br>South Region Health Del. Op.<br>11675 Great Oaks Way, 2nd Floor<br>Alpharetta, GA 30022 |
| Aetna Workers Comp Access LLC<br>151 Farmington Ave. RT62<br>Hartford, CT 06156 | BCBSGa/Anthem<br>2221 Edward Holland Dr<br>Mail Drop VA4004-RR11<br>Richmond, VA 23230 |
| Blue Cross Blue Shield AZ<br>2480 West Las Palmaritas Dr<br>Phoenix, AZ 85021 | Blue Cross Blue Shield LA<br>VP, Network Administration<br>PO BOX 98029<br>Baton Rouge, LA 70809 |
| Blue Cross Blue Shield MI<br>Provider Enroll/Data Mgmt.<br>PO BOX 217<br>Southfield, MI 48034 | Blue Cross Blue Shield SC<br>Individual Health Insurance Ex<br>1-20 East Alpine Road<br>Columbia, SC 29219 |
| Bio Compression Systems, Inc<br>120 West Commercial Avenue<br>Moonachie, NJ 07074 | Blue Cross Blue Shield Texas<br>P.O. Box 833840<br>Richardson, TX 75083 |
| Blue Cross of Idaho<br>3000 E. Pine Avenue<br>Meridian, ID 83642 | Blue Cross/Blue Shield TX<br>Blue Essentials<br>P.O. Box 833840<br>Richardson, TX 75083 |
| Blue Shield of California<br>6300 Canoga Avenue<br>7th Floor<br>Woodland Hills, CA 91367 | Care Centrix, Inc.<br>Chief Legal Officer<br>20 Church St<br>Hartford, CT 06103 |

| | |
|---|---|
| Uline<br>12575 Uline Drive<br>Pleasant Prairie, WI 53158 | UnitedHealthcare Insurance Co.<br>Attn: CDM/Bankruptcy<br>185 Asylum St - 03B<br>Hartford, CT 06103 |
| UnitedHealthcare of GA, Inc.<br>3720 Da Vinci Court #300<br>Norcross, GA 30092 | Van G. Miller & Assoc./HOMELINK<br>Attn: Craig Douglas<br>PO BOX 18 6 0<br>Waterloo, IA 50704 |

This 29th day of April, 2022.

SCROGGINS & WILLIAMSON, P.C.

By: */s/ Matthew W. Levin*
    J. ROBERT WILLIAMSON
    Georgia Bar No. 765214
    MATTHEW W. LEVIN
    Georgia Bar No. 448270

4401 Northside Parkway
Suite 450
Atlanta, Georgia 30327
T: (404) 893-3880
F: (404) 893-3886
E: rwilliamson@swlawfirm.com
  mlevin@swlawfirm.com

*Proposed Counsel for the Chapter 11 Trustee*

- 3 -